UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| CHERYL KOBLESKI AND TERESA BUSHBERGER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br>vs.<br><br>TRANSWORLD SYSTEMS, INC.,<br><br>Defendant. | Case No.: 17-cv-353<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiffs pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Cheryl Kobleski is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff Teresa Bushberger is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

5. Plaintiffs are "consumers" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from them debts allegedly incurred for personal, family or household purposes.

6. Defendant Transworld Systems, Inc. ("Transworld") is a California corporation with its principal place of business located at 2235 Mercury Way, Suite 275, Santa Rosa, California 95407.

7. Transworld is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

8. Transworld is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. Transworld is a "debt collector" as defined in 15 U.S.C. § 1692a.

## FACTS

### *Kobleski Letter*

9. Plaintiff Kobleski entered into one or more consumer transactions with "Advent Specialists" ("Advent") or an affiliate or predecessor corporation.

10. Each consumer transaction was incurred for personal medical services.

11. Further, each consumer transaction involved agreements to render services and defer payment. Plaintiff was not expected to pay at the time medical services were rendered, but was billed at a later date.

12. On or about May 9, 2016, Transworld mailed a debt collection letter to Plaintiff regarding an alleged debt owed to Advent. A copy of this letter is attached as Exhibit A.

13. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

14. Exhibit A lists a "CURRENT BALANCE DUE" of $4,593.67.

15. Exhibit A also includes the text: "This Balance is a Sum of Balances from 1 Account(s)."

2

16. The language in the preceding paragraph is inherently confusing and ambiguous. It could have any number of meanings, including meanings that imply that the "current balance due" is not actually the current balance due.

17. <u>Exhibit A</u> includes an amount labeled as the "Current Balance," but immediately follows the "current balance" with the statement that the current balance represents the current balance of only one account. Thus, <u>Exhibit A</u> implies there may be more accounts and other balances due on the date the letter is sent.

18. The letter, therefore, provides the recipient with a "Current Balance" that may or may not be the total amount the consumer owes on the date the letter is printed. The consumer has no way of knowing without calling the debt collector.

19. Transworld failed state the amount owed in a non-confusing and unambiguous way, making the letter at issue in this action facially false, misleading and confusing to the unsophisticated consumer.

### *Bushberger Letter*

20. Plaintiff Bushberger entered into one or more consumer transactions with "PHYSICIANS OF OB-GYN" ("Physicians") or an affiliate or predecessor corporation.

21. Each consumer transaction was incurred for personal medical services.

22. Further, each consumer transaction involved agreements to render services and defer payment. Plaintiff was not expected to pay at the time medical services were rendered, but was billed at a later date.

23. On or about May 23, 2016, Transworld mailed a debt collection letter to Plaintiff regarding an alleged debt owed to Physicians. A copy of this letter is attached as <u>Exhibit B</u>.

24. Upon information and belief, <u>Exhibit B</u> is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

25. <u>Exhibit B</u> lists a "CURRENT BALANCE DUE" of $380.70.

26. <u>Exhibit B</u> also includes the following text:

> You can pay the above account in 3 equal consecutive monthly payments of $126.89.
> This offer may expire without notice. Before making payment, please confirm with one of our representatives that this offer has not expired.

27. <u>Exhibit B</u> then states:

> The account balance may be periodically increased due to the addition of accrued interest or other charges, as provided in the agreement with the original creditor, or as otherwise provided by applicable law. This does not affect the payment terms, if any, described in this letter.

28. The statement: "This offer may expire without notice" is false and misleading. The alleged debt is a medical bill, and the "offer" in the letter is to pay the whole balance in full, minus a few cents, over time. <u>Exhibit B</u>.

29. Upon information and belief, Transworld and the creditor would accept a payment of any amount at any time.

30. The statements above regarding the balance increasing and such increases do "not affect the payment terms," combined with the "current balance due," render <u>Exhibit B</u> confusing to the unsophisticated consumer.

31. Transworld states that the consumer can "pay the above account in 3 equal consecutive monthly payments of $126.89."

32. But "3 equal consecutive monthly payments of $126.89" does not add up to the "current balance due." It is short of that amount.

33. Moreover, if the creditor is permitted to, and does, increase the account balance by adding contractual interest or fees to the debt, then "3 equal consecutive monthly payments of $126.89" would not "pay the above account" in its entirety.

4

34. In either event, it is not clear from <u>Exhibit B</u> whether the creditor would write off the remaining balance or additional amounts added to the debt or if the creditor would continue to collect the remaining balance.

35. It is also not clear whether the creditor or Transworld would designate the account as "paid in full" or "settled for less than the full balance."

36. An account reported to a credit reporting agency as "settled in full" has a greater negative effect on a consumer's credit score than an account reported as "paid in full." Thus, consumers who are able to pay off a balance may wish to pay the entire amount instead of settle for a smaller amount to effect an improvement in their credit score.

37. The language identified above is ambiguous and confusing, since the letter purports to offer payment plan for the whole amount of the debt, but whether additional amounts are added or are not added, the payments do not add up to the balance. A consumer cannot know if the debt will be considered settled or paid in full.

### *The FDCPA*

38. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

39. 15 U.S.C. § 1692e(2)(a) specifically prohibits the "false representation of the character, amount, or legal status" of an alleged debt.

40. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

41. The unsophisticated consumer would be confused by the language in <u>Exhibits A and B</u>.

42. Plaintiffs had to spend time and money investigating <u>Exhibits A and B</u>.

5

43. Plaintiffs had to take time to obtain and meet with counsel, including traveling to counsel's office by car and its related expenses, including but not limited to the cost of gasoline and mileage, to advise Plaintiffs on the consequences of <u>Exhibits A and B</u>.

44. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

45. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive

debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

## COUNT I – FDCPA

46. Plaintiffs incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

47. Count I is brought on behalf of Plaintiff Kobleski.

48. The language in Exhibit A, "This Balance is a Sum of Balances from 1 Account(s)," is confusing to the unsophisticated consumer, in that it renders unclear whether the "current balance due" is actually the balance.

49. Transworld violated 15 U.S.C. §§ 1692e, 1692e(2)(a) and 1692e(10).

## COUNT II -- FDCPA

50. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

51. Count II is brought on behalf of Plaintiff Bushberger.

52. Exhibit B contains false, misleading, and conflicting or apparently conflicting statements.

53. The statement: "This offer may expire without notice" is false and misleading. Transworld and the creditor would accept a payment of any amount at any time.

54. The statements in Exhibit B about the balance potentially increasing, and that such increases do "not affect the payment terms," combined with the stated "current balance due," render Exhibit B confusing to the unsophisticated consumer.

55. "3 equal consecutive monthly payments of $126.89" does not add up to the "current balance due."

7

56. Moreover, if the creditor is permitted to, and does, increase the account balance by adding contractual interest or fees to the debt, then "3 equal consecutive monthly payments of $126.89" would not "pay the above account" in its entirety.

57. It is not clear from Exhibit B whether the creditor would write off the remaining balance or additional amounts added to the debt or if the creditor would continue to collect the remaining balance.

58. It is also not clear whether the creditor or Transworld would designate the account as "paid in full" or "settled for less than the full balance."

59. Reporting a debt as "settled for less than the full balance" has a more negative effect on the consumer's credit history and score than reporting a debt as "paid in full."

60. Defendant's letter misinforms consumers as to the consequences of settling their alleged debts for less than the current balance.

61. Transworld violated 15 U.S.C. §§ 1692e, 1692e(2)(a) and 1692e(10).

## CLASS ALLEGATIONS

62. Plaintiffs bring this action on behalf of the following two classes.

63. Class 1 consists of (a) all natural persons in the State of Wisconsin (b) to whom defendant Transworld sent a collection letter, (c) seeking to collect one or more debts incurred for medical services, (d) and which letter included the text: "This Balance is a Sum of Balances from 1 Account(s)," (e) between March 9, 2016, up to and including March 9, 2017, (f) that was not returned by the postal service. Plaintiff Kobleski is the class representative for Class 1.

64. Class 2 consists of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter in the form represented by Exhibit B to the complaint in this action, (c) seeking to collect a medical debt incurred for personal, family or household purposes, (d)

between March 9, 2016 and March 9, 2017, inclusive, (e) that was not returned by the postal service.

65. Each Class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of each Class.

66. There are questions of law and fact common to the members of each class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether Exhibit A violates the FDCPA.

67. Plaintiffs' claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

68. Plaintiffs will fairly and adequately represent the interests of the Class members. Plaintiffs have retained counsel experienced in consumer credit and debt collection abuse cases.

69. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

70. Plaintiffs hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that the Court enter judgment in favor of Plaintiffs and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: March 9, 2017

9

Case 2:17-cv-00353-JPS    Filed 03/09/17    Page 9 of 10    Document 1

**ADEMI & O'REILLY, LLP**

By: /S/ John D. Blythin
Shpetim Ademi (SBN 1026973)
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Denise L. Morris (SBN 1097911)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
sademi@ademilaw.com
jblythin@ademilaw.com
meldridge@ademilaw.com
dmorris@ademilaw.com